IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| COASTAL GULF & INTERNATIONAL INC., <br><br> Plaintiff, <br><br> vs. <br><br> PURE AVIATION, LLC, <br><br> Defendant. | CV 24-30-H-BMM-KLD <br><br> FINDINGS & RECOMMENDATION |

On April 30, 2024, Defendant Pure Aviation, LLC, removed this contract action from Montana state court pursuant to 28 U.S.C. §§ 1332, 1141(b), and 1446 based on diversity subject matter jurisdiction. (Doc. 1). Plaintiff Coastal Gulf & International, Inc. moves to remand the action to state court pursuant to 28 U.S.C. §§ 1441(b)(2) and 1447(c) on the ground that the forum defendant rule prohibits removal. (Doc. 7).

Under 28 U.S.C. § 1441(a), any "state-court action[ ] that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction in civil actions between citizens of different states where the

amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005).

There is a strong presumption against removal jurisdiction, which means that the defendant always bears of the burden of establishing that removal is proper. *Gaus v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992). As the party seeking removal, Pure Aviation has the burden of showing both that it complied with the procedural for removal and that the requirements for diversity subject matter jurisdiction are satisfied.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). As codified in § 1441(b)(2), the forum defendant rule prohibits removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Pure Aviation states in its notice of removal that it is a citizen of Texas, Coastal Gulf is a citizen of Louisiana, and the amount placed in controversy by the state court complaint exceeds $75,000. (Doc. 1).  Coastal Gulf does not dispute that the amount in controversy exceeds $75,000 or that it is a citizen of Louisiana, but argues removal is procedurally defective because Pure Aviation is a citizen of both Texas and Montana, which means the forum defendant rule applies.

The diversity jurisdiction statute provides that for purposes of removal, "a corporation shall be deemed to be a citizen of every State…by which it has been

2

incorporated and of the State … where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Coastal Gulf maintains that although Pure Aviation is a citizen of Texas because its principal place of business is located there, it is also a citizen of Montana because it is incorporated in Montana. (Doc. 7-1 at 2). Because Pure Aviation is a citizen of Montana, Coastal Gulf contends, the forum defendant rule prohibits removal.

But as Pure Aviation points out in response, Coastal Gulf's argument overlooks that fact that Pure Aviation is a limited liability company, not a corporation. For purposes of diversity jurisdiction, the Ninth Circuit has held that, "like a partnership, an LLC is a citizen of every state in which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An individual's citizenship is determined by domicile, and "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indian v. Holyfield*, 490 U.S. 30, 48 (1989) (citation omitted).

Pure Aviation cites its Articles of Organization, which state that it is a Limited Liability Company (Doc. 7-2), and its 2024 Annual Report, which states that Carlo DiMarco is its one sole member (Doc. 7-3). Although the Annual Report shows DiMarco's business address as Pure Aviation's Helena, Montana address,

3

Pure Aviation explains that DiMarco is a citizen of Arizona.[1] DiMarco states in a supporting affidavit that he owns a home in Scottsdale, Arizona where he lives with his family, intends to continue residing in Arizona, and does not intend to reside in any other state. (Doc. 13-1). Pure Aviation has thus met its burden of demonstrating that it is a citizen of Arizona for purposes of diversity jurisdiction, and Coastal Gulf does not argue otherwise in reply.

Because the record reflects that Coastal Gulf is a citizen of Louisiana and Pure Aviation is a citizen of Arizona, complete diversity of citizenship is satisfied and the forum defendant rule does not apply. Pure Aviation has met its burden of demonstrating that removal was procedurally proper, and that this Court has diversity subject matter jurisdiction. Accordingly,

IT IS RECOMMENDED that Coastal Gulf's Motion to Remand (Doc. 7) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

---

[1] Pure Aviation acknowledges that it incorrectly stated in its notice of removal that DiMarco is citizen of Texas, rather than Arizona. (Doc. 13 at 2 n.1). This distinction does not impact diversity jurisdiction.

served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 10th day of July, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge