IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| COASTAL GULF & INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> PURE AVIATION, LLC, <br><br> Defendant. | CV 24-30-H-BMM-KLD <br><br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION |

United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendation in this matter on July 21, 2024. (Doc. 21.)

When a party makes no objections, the Court need not review de novo the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). The Court will review Judge DeSoto's Findings and Recommendation, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

Under 28 U.S.C. § 1441(a), any "state-court action[] that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005).

Defendant Pure Aviation, LLC, removed this contract action from Montana state court on April 30, 2024, pursuant to 28 U.S.C. §§ 1332, 1141(b), and 1446 based on diversity subject matter jurisdiction. (Doc. 1). Plaintiff Coastal Gulf & International, Inc. has moved to remand the action to Montana state court pursuant to 28 U.S.C. §§ 1441(b)(2) and 1447(c) on the ground that the forum defendant rule prohibits removal. (Doc. 7).

Pure Aviation states in its notice of removal that it is a citizen of Texas, Coastal Gulf is a citizen of Louisiana, and the amount placed in controversy by the state court complaint exceeds $75,000. (Doc. 1). Coastal Gulf does not dispute that the amount in controversy exceeds $75,000 or that it is a citizen of Louisiana.

Pure Aviation is a limited liability company. For purposes of diversity jurisdiction, the Ninth Circuit has held that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An individual's

citizenship is determined by domicile, and "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indian v. Holyfield*, 490 U.S. 30, 48 (1989) (citation omitted).

> Judge DeSoto found the following based upon a review of the record:
>
> Pure Aviation cites its Articles of Organization, which state that it is a Limited Liability Company (Doc. 7-2), and its 2024 Annual Report, which states that Carlo DiMarco is its one sole member (Doc. 7-3). Although the Annual Report shows DiMarco's business address as Pure Aviation's Helena, Montana address, Pure Aviation explains that DiMarco is a citizen of Arizona. DiMarco states in a supporting affidavit that he owns a home in Scottsdale, Arizona where he lives with his family, intends to continue residing in Arizona, and does not intend to reside in any other state. (Doc. 13-1). Pure Aviation has thus met its burden of demonstrating that it is a citizen of Arizona for purposes of diversity jurisdiction, and Coastal Gulf does not argue otherwise in reply.

(Doc. 21 at 3-4.) Judge DeSoto further found that, because the record reflects that Coastal Gulf is a citizen of Louisiana and Pure Aviation is a citizen of Arizona, complete diversity of citizenship is satisfied and the forum defendant rule does not apply. Judge DeSoto found that Pure Aviation has met its burden of demonstrating that removal was procedurally proper, and that this Court has diversity subject matter jurisdiction. Judge DeSoto accordingly recommends that Coastal Gulf's Motion to Remand (Doc. 7) be denied. (Doc. 21 at 4.) The Court finds no clear error in Judge DeSoto's Findings and Recommendation.

Accordingly, **IT IS ORDERED** that Judge DeSoto's Findings and Recommendation (Doc. 21) are **ADOPTED IN FULL**. **IT IS FURTHER ORDERED** that Coastal Gulf's Motion to Remand (Doc. 7) is **DENIED**.

**DATED** this 8th day of August, 2024.

Brian Morris, Chief District Judge
United States District Court